IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROGER FARLEY,

    Petitioner,

  v.                              Case No. 2:05-cv-419
                                    JUDGE HOLSCHUH
JEFFREY A. WOLFE,           Magistrate Judge KEMP

    Respondent.

## OPINION AND ORDER

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. According to the petition, petitioner challenges his May 29, 1996, conviction after a jury trial in the Franklin County Court of Common Pleas on aggravated murder. Petitioner alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Newly discovered evidence shows defense trial counsel's actions in a new light. Violation of the defendant's 14th Amendment right to a fair trial.
>
> 2. Ineffective assistance of defense counsel Blaize Baker in violation of the... 6th Amendment to the United States Constitution.
>
> 3. The due process guarantees of the United States and Ohio Constitution require that criminal convictions be based upon credible evidence.

However, petitioner has previously filed a federal habeas corpus petition pursuant to 28 U.S.C. §2254 challenging this same conviction. *See Farley v. Harold Carter*, Case No. 2:99-cv-1134 (S.D. Ohio March 26, 2001), and this action therefore is successive.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra*:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244 authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2nd Cir. 1996)(*per curiam*).

For the foregoing reasons, this case is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

The Clerk is **DIRECTED** to remove this case from the Court's pending docket.

**IT IS SO ORDERED.**


Date: May 16, 2005                                      **/s/ John D. Holschuh**
                                                        JOHN D. HOLSCHUH
                                                        United States District Judge